UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK



THE PORT AUTHORITY POLICE ASIAN
JADE SOCIETY OF NEW YORK & NEW
JERSEY INC., CHRISTIAN ENG, NICHOLAS
YUM, ALAN LEW, HOWARD CHIN, DAVID
LIM, GEORGE MARTINEZ, WAI MOY,
STANLEY CHIN, MILTON FONG, RICHARD
WONG, SANRIT BOONCOME and MICHAEL
CHUNG,

U.S.D.C. S.D.N.Y.
CASHIERS

**JUDGE CEDARBAUM**

COMPLAINT

Plaintiffs,

**05** 05 CV  **3835**

vs.

THE PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,

Defendant.

Plaintiffs The Port Authority Police Asian Jade Society of New York & New

Jersey Inc., Christian Eng, Nicholas Yum, Alan Lew, Howard Chin, David Lim, George

Martinez, Wai Moy, Stanley Chin, Milton Fong, Richard Wong, Sanrit Booncome and Michael

Chung, for their Complaint against Defendant, the Port Authority of New York and New Jersey,

hereby aver, upon knowledge with respect to themselves and upon information and belief as to

all other matters, as follows:

## NATURE OF ACTION

1. This is an action to redress the deprivation of rights secured to the Plaintiffs

pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), as well as

42 U.S.C. §1981 and 42 U.S.C. §1983. Plaintiffs are and continue to be victims of racial discrimination in the scope of their employment with Defendant.

## PARTIES

2. Plaintiff The Port Authority Police Asian Jade Society of New York & New Jersey Inc. ("AJS") is a not-for-profit corporation organized and existing under the laws of the State of New York. AJS is an organization of police officers of Asian or Pacific Islander origin ("Asian police officers") employed by the Port Authority of New York and New Jersey ("Port Authority"). AJS was incorporated in 1983 with the goal of promoting understanding, friendship and cooperation among members of the Port Authority police department and, as of April 15, 2005, has approximately 33 members.

3. Plaintiff Christian Eng is an individual residing in Hewlett, New York. Christian Eng is and was at all times herein stated, a police officer employed by the Port Authority since 1977. Christian Eng is Asian-American and, as such, is a member of a protected class.

4. Plaintiff Nicholas Yum is an individual residing in Massapequa, New York. Nicholas Yum is and was at all times herein stated, a police officer employed by the Port Authority since 1993. Nicholas Yum is Asian-American and, as such, is a member of a protected class.

5. Plaintiff Alan Lew is an individual residing in Lynbrook, New York. Alan Lew is and was at all times herein stated, a police officer employed by the Port Authority since 1987. Alan Lew is Asian-American and, as such, is a member of a protected class.

6. Plaintiff Howard Chin is an individual residing in New York, New York. Howard Chin is and was at all times herein stated, a police officer employed by the Port

Authority since 1987. Howard Chin is Asian-American and, as such, is a member of a protected class.

7. Plaintiff David Lim is an individual residing in Lynbrook, New York. David Lim is and was at all times herein stated, a police officer employed by the Port Authority since 1980. David Lim is Asian-American and, as such, is a member of a protected class.

8. Plaintiff George Martinez is an individual residing in Bayside, New York. George Martinez is and was at all times herein stated, a police officer employed by the Port Authority since 1993. George Martinez is Asian-American and, as such, is a member of a protected class.

9. Plaintiff Wai Moy is an individual residing in Morris Plains, New Jersey. Wai Moy is and was at all times herein stated, a police officer employed by the Port Authority since 1993. Wai Moy is Asian-American and, as such, is a member of a protected class.

10. Plaintiff Stanley Chin is an individual residing in Piscataway, New Jersey. Stanley Chin is and was at all times herein stated, a police officer employed by the Port Authority since 1988. Stanley Chin is Asian-American and, as such, is a member of a protected class.

11. Plaintiff Milton Fong is an individual residing in Chester, New Jersey. Milton Fong is and was at all times herein stated, a police officer employed by the Port Authority since 1985. Milton Fong is Asian-American and, as such, is a member of a protected class.

12. Plaintiff Richard Wong is an individual residing in New York, New York. Richard Wong is and was at all times herein stated, a police officer employed by the Port Authority since 1983. Richard Wong is Asian-American and, as such, is a member of a protected class.

3

13. Plaintiff Sanrit Booncome is an individual residing in Woodside, New York. Sanrit Booncome is and was at all times herein stated, a police officer employed by the Port Authority since 1999. Sanrit Booncome is Asian-American and, as such, is a member of a protected class.

14. Plaintiff Michael Chung is an individual residing in Kew Gardens, New York. Michael Chung is and was at all times herein stated, a police officer employed by the Port Authority since 1998. Michael Chung is Asian-American and, as such, is a member of a protected class.

15. Defendant The Port Authority of New York and New Jersey is a bi-state transportation agency that manages the bridges, tunnels, bus terminals, airports, Port Authority Trans-Hudson (PATH) and seaports in the New York metropolitan area. At all relevant times, the Port Authority is a state actor, has employed over 1000 police officers, and has been continuously, and is now, doing business in the States of New York and New Jersey.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331.

17. The Port Authority is subject to personal jurisdiction in this Court pursuant to N.Y. C.P.L.R. § 301.

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

Background

19. The Port Authority maintains an active police force.

20. Port Authority police officers begin their careers as uniformed officers.

4

21. At the discretion of their supervisors, some uniformed Port Authority officers are given "special details" or "preferred assignments" including but not limited to the Applicant Investigation Unit, Inter-agency Task Force, K-9 units, administrative chart positions, plain clothes positions and the Silver Shield program. These assignments are desirable because they confer additional remuneration and/or special benefits upon the police offers assigned and because they lead to advancement opportunities.

22. At the discretion of their supervisors, some Port Authority police officers are given the status of "detective". Port Authority detectives do not have to wear the police uniform and are paid 17.5-25% more than uniformed officers. The status of "detective" is desirable because it confers additional remuneration and/or special benefits and because it leads to advancement opportunities.

23. Both uniformed police officers and detectives are supervised directly by police officers who have obtained the rank of "Sergeant" or "Detective Sergeant".

24. The rank of Sergeant is the first official supervisory level in the leadership hierarchy of the Port Authority police department. Above the rank of Sergeant are the ranks of Detective Sergeant, Lieutenant, Detective Lieutenant, Captain, Inspector, Assistant Chief, Deputy Chief, and Chief of the Department. Each rank in the hierarchy is paid more than the ranks below.

25. Sergeants are paid approximately 20-25% more than uniformed officers.

26. A police officer cannot be promoted to higher ranks without first being promoted to Sergeant.

27. In order to qualify for promotion to Sergeant, police officers must pass an examination that is administered approximately every three years ("Sergeant's examination"). The Sergeant's examination is typically composed of a written portion and an oral portion.

28. Anyone with at least two years of service as a Port Authority police officer may take the Sergeant's examination.

29. The written portion of the Sergeant's examination is a three-hour test consisting of multiple choice questions based upon reading material distributed prior to the test.

30. Candidates who pass the written portion of the Sergeant's examination then take the oral portion of the exam. The oral portion of the Sergeant's examination requires candidates to answer three questions selected by two evaluators.

31. Officers who pass the Sergeant's examination are placed on a list of individuals eligible for promotion to Sergeant.

32. Each eligibility list is active for approximately three years. During the life-span of the list, individuals on the list remain eligible for promotion to Sergeant.

33. Passing the Sergeant's examination does not guarantee promotion to Sergeant.

34. At least seven Asian police officers were eligible for promotion in 1996. At least seven Asian police officers were eligible for promotion in 1997. At least seven Asian police officers were eligible for promotion in 1998. At least 10 Asian police officers were eligible for promotion in 1999. At least 10 Asian police officers were eligible for promotion in 2000.

35. From 1996 to January 31, 2001, no Asian police officers were promoted to Sergeant.

6

36. From 1996 to January 31, 2001, there were no Asian police officers in any supervisory ranks in the Port Authority police force.

Discrimination

37. From at least 1996 and continuing to the present, qualified Asian police officers including Nicholas Yum, Alan Lew, Howard Chin, David Lim, George Martinez, Wai Moy, Stanley Chin, Milton Fong and Richard Wong have requested various special details or preferred assignments but have been consistently and intentionally passed over for such details and/or assignments in favor of non-Asian police officers with less seniority and lesser or inferior qualifications. Through this practice, the Port Authority intentionally discriminated against Asian police officers and/or adopted selection criteria for special details or preferred assignments that had a disparate and adverse impact on Asian police officers.

38. From at least 1996 and continuing to the present, certain special details or preferred assignments were not officially announced in order to enable or facilitate the assignment to those positions of certain non-Asian police officers. Through this practice, the Port Authority intentionally discriminated against Asian police officers and/or adopted procedures for announcing special details and preferred assignments which had a disparate and adverse impact on Asian police officers.

39. From at least 1996 and continuing to the present, qualified Asian police officers including Nicholas Yum, Alan Lew, Howard Chin, David Lim, George Martinez, Wai Moy, Stanley Chin, Milton Fong, Richard Wong, Sanrit Booncome and Michael Chung have requested selection for detective status but have been consistently passed over in favor of non-Asian police officers with less seniority and lesser or inferior qualifications. Through this practice, the Port Authority intentionally discriminated against Asian police officers and/or

7

adopted selection criteria for detective status which had a disparate and adverse impact on Asian police officers.

40. The Port Authority's persistent, continuing and systematic failure to select qualified Asian police officers to special details, preferred assignments or detective status had a severe adverse impact on the advancement of Asian police officers, including promotion to Sergeant.

41. From at least 1996 and continuing to the present, Asian police officers including Howard Chin, Wai Moy, George Martinez, David Lim, Nicholas Yum and Christian Eng have been disciplined more severely than their non-Asian counterparts for minor infractions including or such as being "off post", failure to sign in at court, possession of a newspaper, late arrival or inability to work last-minute over-time due to childcare needs. While non-Asian police officers received oral warnings or no discipline at all for these infractions, Asian police officers for the same infractions received written charges which were documented in their employee files. Through this practice, the Port Authority intentionally discriminated against Asian police officers and/or adopted disciplinary procedures which had a disparate and adverse impact on Asian police officers.

42. From at least 1996 and continuing to the present, disciplinary charges brought against Asian police officers have been left "pending" longer than charges brought against non-Asian police officers. Through this practice, the Port Authority intentionally discriminated against Asian police officers and/or adopted disciplinary procedures which had a disparate and adverse impact on Asian police officers.

43. Resolution of disciplinary charges has been and continues to be expedited for certain non-Asian police officers as a result of favoritism, nepotism and/or racial discrimination

8

against Asian police officers. Through this practice, the Port Authority intentionally discriminated against Asian police officers and/or adopted disciplinary procedures which had a disparate and adverse impact on Asian police officers.

44. The presence of any pending disciplinary charges in the employee file for a police officer prevents that officer from being considered for promotion to Sergeant.

45. The presence of pending disciplinary charges in the employee files for certain Asian police officers, even though they were for minor infractions for which non-Asian police officers do not receive written charges, was used as a basis for the Port Authority's refusal to promote those Asian police officers.

46. In some instances, resolution of disciplinary charges for certain Asian police officers was deliberately delayed for the purpose of preventing them from being considered for promotion to Sergeant.

47. In some instances, disciplinary charges were deliberately brought against Asian police officers, without good cause in fact, for the purpose of preventing them from being considered for promotion to Sergeant.

48. From at least 1996 and continuing to the present, Asian police officers including Plaintiffs have been repeatedly subjected to discriminatory remarks and racial slurs by non-Asian officers, including being called "chink", "gook", "slant-eye" or "fish-head", references to Asian food as "dog" or "cat", derogatory remarks about Asian accents, and mockery of Asian accents over the Port Authority police radio. These derogatory remarks and racial slurs are pervasive and have been made by or heard by Port Authority management employees.

9

49. The derogatory remarks and racial slurs against Asian police officers create a hostile work environment and perpetuate prejudice, disparate treatment and employment discrimination against Asian police officers.

50. Because team effort and backup support are critical to the nature of police work, it is difficult for any police officer to make complaints against his/her fellow officers. Any police officer who makes a complaint risks his/her own safety, being labeled as untrustworthy and/or being ostracized from the police unit.

51. Asian police officers who have complained about derogatory remarks, racial slurs and discriminatory treatment to supervisors were either ignored or subject to retaliatory action including, for example: false disciplinary charges, denial of advancement opportunities, social ostracism and public ridicule.

52. Because the Port Authority ignored complaints from Asian police officers and/or retaliated against them for making complaints, Asian police officers have been reluctant to file formal complaints regarding racist remarks, racial slurs and discriminatory treatment over the years.

53. The dearth of Asian police officers in the supervisory ranks in the Port Authority police force contributes to, encourages and perpetuates the hostile work environment and discriminatory treatment of Asian police officers.

54. From at least 1996 and continuing to the present, Asian police officers including Christian Eng, Nicholas Yum, Alan Lew, Howard Chin, David Lim, George Martinez, Wai Moy, Stanley Chin, Milton Fong, Sanrit Booncome and Michael Chung, have been eligible for promotion to Sergeant but were consistently and intentionally passed over for non-Asian police officers with less seniority and fewer qualifications. The promotion criteria for Sergeant

10

are subjective, not published and not standardized. From year to year, the criteria have been deliberately altered to favor the promotion of certain non-Asian officers. Through this practice, the Port Authority intentionally discriminated against Asian police officers and/or adopted promotion criteria which had a disparate and adverse impact on Asian police officers.

The 1996 Test

55. A Sergeant's examination was administered in May 1996 (the "1996 Test"). The 1996 Test consisted of a written portion and an oral portion.

56. Christian Eng took the 1996 Test and passed both the written portion and the oral portion.

57. Howard Chin took the 1996 Test and passed both the written portion and the oral portion. Howard Chin's score on the oral portion of the 1996 Test was 94.33%.

58. David Lim took the 1996 Test and passed both the written portion and the oral portion.

59. George Martinez took the 1996 Test and passed with a score of 80.25% on the written portion and a score of 96.67% on the oral portion.

60. Stanley Chin took the 1996 Test and passed with a score of 88.89% on the written portion and a score of 81.17% on the oral portion.

61. Milton Fong took the 1996 Test and passed with a score of 87.65% on the written portion and a score of 70.83% on the oral portion.

The 1996 List

62. Police officers who passed the 1996 Test were placed on a list of police officers eligible for promotion to Sergeant (the "1996 List").

63. There were at least seven Asian police officers on the 1996 List, including Plaintiffs Christian Eng, Howard Chin, David Lim, George Martinez, Stanley Chin and Milton Fong.

64. The 1996 List became active on or about August 9, 1996.

65. No police officers were promoted to Sergeant in 1997.

66. In 1998, eight police officers were promoted to Sergeant from the 1996 List. None of the Asian police officers on the 1996 List was promoted in 1998.

67. Each of Plaintiffs Christian Eng, Howard Chin, David Lim, George Martinez, Stanley Chin and Milton Fong was equally or more qualified for promotion than at least one of the eight non-Asian police officers promoted to Sergeant in 1998: John F. Flynn, Francis A. Sabatino, David L. Attard, Jeffrey V. Baumbach, John F. Gilburn, Jr., Joseph C. Macaluso, Joseph M. McKeever and Robert M. Vargas.

68. As of 1998, Christian Eng had served as a police officer with the Port Authority for 21 years, had received numerous commendations and awards and had an excellent attendance record.

69. As of 1998, Howard Chin had served as a police officer with the Port Authority for 11 years, had received numerous commendations and awards and had an excellent attendance record.

70. As of 1998, David Lim had served as a police officer with the Port Authority for 18 years, had received numerous commendations and awards and had an excellent attendance record.

71. As of 1998, George Martinez had served as a police officer with the Port Authority for five years, had graduated first in his Police Recruit Academy Class (an honor

12

which gave him seniority over his classmates) and had a perfect attendance record with no sick days taken.

72. As of 1998, Stanley Chin had served as a police officer with the Port Authority for ten years, had received numerous commendations and awards and had an excellent attendance record.

73. As of 1998, Milton Fong had served as a police officer with the Port Authority for 13 years, had received numerous commendations and awards and had an excellent attendance record.

74. But for the unlawful discriminatory conduct of the Port Authority, Plaintiffs Christian Eng, Howard Chin, David Lim, George Martinez, Stanley Chin and Milton Fong would have been promoted to Sergeant by 1998.

75. The promotion of less qualified non-Asian police officers in 1998 in lieu of promoting each of Plaintiffs Christian Eng, Howard Chin, David Lim, George Martinez, Stanley Chin and Milton Fong resulted directly from discrimination based upon race and ethnicity. Through this practice, the Port Authority intentionally discriminated against Asian police officers and/or adopted promotion criteria which had a disparate and adverse impact on Asian police officers.

76. The Port Authority's failure to promote qualified Asian police officers to Sergeant in 1998 also denied those police officers future advancement opportunities to higher ranks in the police force hierarchy.

77. In 1999, 15 police officers were promoted to Sergeant from the 1996 List. None of the Asian police officers on the 1996 List was promoted in 1999.

78. Each of Plaintiffs Christian Eng, Howard Chin, David Lim, George Martinez, Stanley Chin and Milton Fong was equally or more qualified than at least one of the 15 non-Asian police officers who were promoted to Sergeant in 1999: Michael M. McGarry, Oliver E. White, John M. Collins, Kevin G. Devlin, Reinaldo Gonzalez, Raymond J. Losak, Anthony J. Minero, Edward Spinelli, Jose Aquino, Quentin D. DeMarco, Alan T. DeVona, Christopher J. Farrell, Patric F. Mangieri, John Simms and Brian T. Sullivan.

79. But for the unlawful discriminatory conduct of the Port Authority, Plaintiffs Christian Eng, Howard Chin, David Lim, George Martinez, Stanley Chin and Milton Fong would have been promoted to Sergeant by 1999.

80. The promotion of less qualified non-Asian police officers in 1999 in lieu of promoting each of Plaintiffs Christian Eng, Howard Chin, David Lim, George Martinez, Stanley Chin and Milton Fong resulted directly from discrimination based upon race and ethnicity. Through this practice, the Port Authority intentionally discriminated against Asian police officers and/or adopted promotion criteria which had a disparate and adverse impact on Asian police officers.

81. The Port Authority's failure to promote qualified Asian police officers to Sergeant in 1999 also denied those police officers future advancement opportunities to higher ranks in the police force hierarchy.

82. The 1996 List expired in August 1999.

83. None of the Asian police officers who were on the 1996 List was promoted during the three year lifespan of the 1996 List.

1999 Test

84. A Sergeant's examination was administered in May 1999 (the "1999 Test"). The test consisted of a written and an oral portion.

14

85. Christian Eng took the 1999 Test and passed both the written portion and the oral portion.

86. Alan Lew took the 1999 Test and passed with a score of 81.33% on the written portion and a score of 99.50% on the oral portion.

87. Nicholas Yum took the 1999 Test and passed with a score of 85.33% on the written portion and a score of 81% on the oral portion.

88. Howard Chin took the 1999 Test and passed both the written portion and the oral portion. Howard Chin's score on the oral portion of the 1999 Test was 91.50%.

89. Wai Moy took the 1999 Test and passed both the written portion and the oral portion. Wai Moy's score on the written portion of the 1999 Test was 72%.

90. George Martinez took the 1999 Test and passed with a score of 76% on the written portion and a score of 85.83% on the oral portion.

91. Stanley Chin took the 1999 Test and passed with a score of 82.67% on the written portion and a score of 71.33% on the oral portion.

92. Milton Fong took the 1999 Test and passed with a score of at least 73% on the written portion and a score of 91.33% on the oral portion.

The 1999 List

93. Police officers who passed the 1999 Examination were placed on a list of officers eligible for promotion to Sergeant ("the 1999 List").

94. There were at least ten Asian police officers on the 1999 List including Plaintiffs Christian Eng, Nicholas Yum, Alan Lew, Howard Chin, George Martinez, Wai Moy, Stanley Chin and Milton Fong.

95. The 1999 List became active on or about August 10, 1999.

15

96. In 1999, five police officers were promoted to Sergeant from the 1999 List. None of the Asian police officers on the 1999 List was promoted in 1999.

97. Each of Plaintiffs Christian Eng, Nicholas Yum, Alan Lew, Howard Chin, George Martinez, Wai Moy, Stanley Chin and Milton Fong was equally or more qualified for promotion than at least one of the five non-Asian police officers who were promoted to Sergeant in 1999: Henry J. Borawski, Robert Stone, Keith Walcott, Robert Driscoll and John McLoughlin.

98. As of 1999, Christian Eng had served as a police officer with the Port Authority for 22 years, had received numerous commendations and awards and had an excellent attendance record.

99. As of 1999, Nicholas Yum had served as a police officer with the Port Authority for six years, had received numerous commendations and awards and had a perfect attendance record with no sick days taken.

100. As of 1999, Alan Lew had served as a police officer with the Port Authority for 12 years, had received numerous commendations and awards and had a perfect attendance record with no sick days taken.

101. As of 1999, Howard Chin had served as a police officer with the Port Authority for 12 years, had received numerous commendations and awards and had an excellent attendance record.

102. As of 1999, Wai Moy had served as a police officer with the Port Authority for six years, had received numerous commendations and awards and had an excellent attendance record.

16

103. As of 1999, George Martinez had served as a police officer with the Port Authority for six years, had graduated first in his Police Recruit Academy Class (an honor which gave him seniority over his classmates) and had an excellent attendance record.

104. As of 1999, Stanley Chin had served as a police officer with the Port Authority for 11 years, had received numerous commendations and awards and had an excellent attendance record.

105. As of 1999, Milton Fong had served as a police officer with the Port Authority for 14 years, had received numerous commendations and awards and had an excellent attendance record.

106. But for the unlawful discriminatory conduct of the Port Authority, Plaintiffs Christian Eng, Nicholas Yum, Alan Lew, Howard Chin, George Martinez, Wai Moy, Stanley Chin and Milton Fong would have been promoted to Sergeant by 1999.

107. The promotion of less qualified non-Asian police officers in 1999 in lieu of promoting each of Plaintiffs Christian Eng, Nicholas Yum, Alan Lew, Howard Chin, George Martinez, Wai Moy, Stanley Chin and Milton Fong was a direct result of discrimination based upon race and ethnicity. Through this practice, the Port Authority intentionally discriminated against Asian police officers and/or adopted promotion criteria which had a disparate and adverse impact on Asian police officers.

108. The Port Authority's failure to promote qualified Asian police officers to Sergeant in 1999 also denied those police officers future advancement opportunities to higher ranks in the police force hierarchy.

109. In 2000, 13 police officers were promoted to Sergeant from the 1999 List. None of the Asian police officers on the 1999 List was promoted in 2000.

17

110. Each of Plaintiffs Christian Eng, Nicholas Yum, Alan Lew, Howard Chin, George Martinez, Wai Moy, Stanley Chin and Milton Fong was equally or more qualified for promotion than at least one of the 13 non-Asian police officers who were promoted to Sergeant in 2000: Geraldo E. Silva, Lawrence J. Cummings, Thomas F. Fleming, Jay B. Friedman, Joseph Garcia, Lisha T. Harper, Kevin C. Murphy, Peter A. Schillizzi, Herbert Engelmann, Frances M. DeSio, Kevin R. Feeley, Timothy W. McGovern and William B. Ross.

111. But for the unlawful discriminatory conduct of the Port Authority, Plaintiffs Christian Eng, Nicholas Yum, Alan Lew, Howard Chin, George Martinez, Wai Moy, Stanley Chin and Milton Fong would have been promoted to Sergeant by 2000.

112. The promotion of less qualified non-Asian police officers in 2000 in lieu of promoting each of Plaintiffs Christian Eng, Nicholas Yum, Alan Lew, Howard Chin, Wai Moy, George Martinez, Stanley Chin and Milton Fong was a direct result of discrimination based upon race and ethnicity. Through this practice, the Port Authority intentionally discriminated against Asian police officers and/or adopted promotion criteria which had a disparate and adverse impact on Asian police officers.

113. As of January 31, 2001, there were no Asian police officers in any supervisory rank in the Port Authority police force.

EEOC Charge of Discrimination

114. On January 31, 2001, AJS filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), on behalf of its members ("EEOC Charge"). A true and correct copy of the January 31, 2001 EEOC Charge is attached hereto as Exhibit 1.

115. In its EEOC Charge, AJS alleged that because of race and/or national origin, its members (both past and present) have been subjected to ongoing disparate treatment including, but not limited to:

18

- that Asian police officers have been continuously denied promotions to any responsible positions;

- that there have been no Asians in any supervisory positions in the Port Authority Police Force of approximately 1200 members;

- that Asian police officers who are eligible for promotion to sergeant positions have been consistently bypassed, while non-Asian officers with less qualifications and seniority, were promoted;

- that Asian police officers on the promotional list have been written up for unwarranted and/or minor departmental charges in order to hold them back for advancement;

- that Asian officers, as a class, have been disciplined more frequently and more severely than non-Asian officers for similar or less serious offenses;

- that Asian officers have been bypassed for preferred and/or detailed assignments which lead to advancement opportunities;

- that many times there are no official announcements for preferred and/or detailed assignments;

- that the Port Authority's discriminatory assignment policies and practices have adversely affected the advancement of Asian officers;

- that Asian officers have frequently been subjected to racial slurs and remarks which are heard or made by Port Authority management employees; and

- that Asian officers who have complained internally of discriminatory employment practices are often subjected to retaliation.

116. At the time the EEOC Charge was filed in January 2001, the Port Authority Police Department had had no Asian police officers in any supervisory rank for at least six years.

117. At the time the EEOC Charge was filed, the Port Authority had failed to promote a single Asian police officer to the rank of Sergeant from either the 1996 or the 1999 Lists.

118. Nonetheless, the Port Authority denied all of the allegations contained in the January 31, 2001 EEOC Charge.

Post-EEOC Charge

119. Only after AJS filed the January 31, 2001 EEOC Charge and because of an urgent need for more supervisory officers after the September 11, 2001 tragedy, did the Port Authority finally promote two Asian police officers to Sergeant from the 1999 List.

120. Plaintiffs Christian Eng and Milton Fong were promoted to Sergeant in December 2001 after 24 and 16 years on the job, respectively.

121. The average career of a Port Authority police officer is approximately 22 years of service. By promoting only those Asian police officers with many years of service on the police force, the Port Authority limits the upward mobility of Asian police officers in the police force hierarchy. Through this practice, the Port Authority intentionally discriminated against Asian police officers and/or adopted promotion criteria which had a disparate and adverse impact on Asian police officers.

122. Despite the fact that Plaintiffs Christian Eng and Milton Fong were promoted after the EEOC Charge, the Port Authority included their promotions in statistics provided to the EEOC on January 24, 2002 in order to mislead the EEOC and hide the Port Authority's unlawful discriminatory practices.

123. Plaintiffs Nicholas Yum, Alan Lew, Howard Chin, Wai Moy, George Martinez, and Stanley Chin were not promoted to Sergeant in 2001. Each of Plaintiffs Nicholas Yum, Alan Lew, Howard Chin, George Martinez, Wai Moy and Stanley Chin was equally or more qualified for promotion than at least one of the 16 non-Asian police officers who were promoted to Sergeant in 2001: Raymond Bryan, Thomas M. Marten, Jr., Joseph A. Poland, Jr., Pedro Batista, Jr., Christopher C. Bergmann, Kevin W. Cottrell, Robert Greff, Michael T. Lawz, Lawrence G. Oberhofer, Brian Toohey, Lorenzo P. Tyner, Stephen G. Butler, Eugene J. Dubelbeiss, Michael H. Edwards, William Finnie and Richard M. Munnelly.

20

124. But for the unlawful discriminatory conduct of the Port Authority, Plaintiffs Nicholas Yum, Alan Lew, Howard Chin, George Martinez, Wai Moy and Stanley Chin would have been promoted to Sergeant by 2001.

125. The promotion of less qualified non-Asian police officers in 2001 in lieu of promoting each of Plaintiffs Nicholas Yum, Alan Lew, Howard Chin, Wai Moy, George Martinez, and Stanley Chin was a direct result of discrimination based upon race and ethnicity. Through this practice, the Port Authority intentionally discriminated against Asian police officers and/or adopted promotion criteria which had a disparate and adverse impact on Asian police officers.

126. The Port Authority's failure to promote qualified Asian police officers to Sergeant in 2001 also denied those police officers future advancement opportunities to higher ranks in the police force hierarchy.

127. In 2002, nine police officers were promoted to Sergeant from the 1999 List. None of the Asian police officers on the 1999 List was promoted in 2002.

128. Each of Plaintiffs Nicholas Yum, Alan Lew, Howard Chin, George Martinez, Wai Moy and Stanley Chin was equally or more qualified for promotion than at least one of the nine non-Asian police officers who were promoted to Sergeant in 2002 from the 1999 List: John O'Donnell, Jose Delgado, John Gayson, Raymond Garland, Vernon Johnson, Peter Johnson, Robert Calia, John Frank and Norma Hardy.

129. But for the unlawful discriminatory conduct of the Port Authority, Plaintiffs Nicholas Yum, Alan Lew, Howard Chin, George Martinez, Wai Moy and Stanley Chin would have been promoted to Sergeant by 2002.

130. The promotion of less qualified non-Asian police officers in 2002 in lieu of promoting each of Plaintiffs Nicholas Yum, Alan Lew, Howard Chin, George Martinez, Wai Moy and Stanley Chin was a direct result of discrimination based upon race and ethnicity. Through this practice, the Port Authority intentionally discriminated against Asian police officers and/or adopted promotion criteria which had a disparate and adverse impact on Asian police officers.

131. The Port Authority's failure to promote qualified Asian police officers to Sergeant in 2002 also denied those police officers future advancement opportunities to higher ranks in the police force hierarchy.

132. The 1999 List expired on August 10, 2002.

133. Only two Asian police officers on the 1999 List were promoted during the three year lifespan of the list.

2002 Test

134. A Sergeant's examination was administered in April 2002 (the "2002 Test"). The test consisted of a written portion only.

135. Nicholas Yum took the 2002 Test and passed with a score of 88%.

136. Alan Lew took and passed the 2002 Test.

137. Howard Chin took and passed the 2002 Test.

138. David Lim took the 2002 Test and passed with a score of 81%.

139. Wai Moy took the 2002 Test and passed with a score of 66%.

140. Stanley Chin took the 2002 Test and passed with a score of 90%.

141. George Martinez took the 2002 Test and passed with a score of 93%.

142. Sanrit Booncome took the 2002 Test and passed with a score of 88%.

143. Michael Chung took the 2002 Test and passed with a score of 81%.

The 2002 List

144. Police officers who passed the 2002 Examination were placed on a list of officers eligible for promotion to Sergeant (the "2002 List").

145. There were at least 16 Asian police officers on the 2002 List including Plaintiffs Nicholas Yum, Alan Lew, Howard Chin, David Lim, George Martinez, Wai Moy, Stanley Chin, Sanrit Booncome and Michael Chung.

146. The 2002 List became active on or about August 12, 2002.

147. In 2002, three police officers were promoted to Sergeant from the 2002 List. None of the Asian police officers on the 2002 List was promoted in 2002.

148. Each of Plaintiffs Nicholas Yum, Alan Lew, Howard Chin, David Lim, George Martinez, Wai Moy, Stanley Chin, Sanrit Booncome and Michael Chung was equally or more qualified for promotion than at least one of the three non-Asian police officers who were promoted to Sergeant in 2002 from the 2002 List:  George Lorenz, Sean Horan and Derrick Sims.

149. As of 2002, Alan Lew had served as a police officer with the Port Authority for 15 years, had received numerous commendations and awards and had a perfect attendance record with no sick days taken.

150. As of 2002, Nicholas Yum had served as a police officer with the Port Authority for nine years, had received numerous commendations and awards and had a perfect attendance record with no sick days taken.

23

151. As of 2002, Howard Chin had served as a police officer with the Port Authority for 15 years, had received numerous commendations and awards and had an excellent attendance record.

152. As of 2002, David Lim had served as a police officer with the Port Authority for 22 years, had received numerous commendations and awards and had an excellent attendance record.

153. As of 2002, George Martinez had served as a police officer with the Port Authority for nine years, had graduated first in his Police Recruit Academy Class (an honor which gave him seniority over his classmates) and had an excellent attendance record.

154. As of 2002, Wai Moy had served as a police officer with the Port Authority for nine years, had received numerous commendations and awards and had an excellent attendance record.

155. As of 2002, Stanley Chin had served as a police officer with the Port Authority for 14 years, had received numerous commendations and awards and had an excellent attendance record.

156. As of 2002, Sanrit Booncome had served as a police officer with the Port Authority for three years, had received numerous commendations and awards and had an excellent attendance record.

157. As of 2002, Michael Chung had served as a police officer with the Port Authority for four years, had received numerous commendations and awards and had an excellent attendance record.

158. In 2003, 38 police officers were promoted to Sergeant from the 2002 List. Plaintiff Stanley Chin was the only Asian police officer on the 2002 List who was promoted to

24

Sergeant in 2003. Plaintiff Stanley Chin had served 13 years on the job at the time of his promotion.

159. Plaintiffs Nicholas Yum, Alan Lew, Howard Chin, David Lim, George Martinez, Wai Moy, Sanrit Booncome and Michael Chung were not promoted to Sergeant in 2003.

160. Each of Plaintiffs Nicholas Yum, Alan Lew, Howard Chin, David Lim, George Martinez, Wai Moy, Sanrit Booncome and Michael Chung was equally or more qualified for promotion than at least one of the 37 non-Asian police officers who were promoted to Sergeant in 2003: Richard Aylmer, Michael Brown, Donald Burns, John Durham, Frank Farfalla, John Farrell, Daniel Francis, Louie Koumoutsos, Nicholas Kowana, Aaron Greenstein, Gary Friggith, James Hall, Nathaniel Harris, Thomas Hering, John Mattiace, Anthony Morris, Mario Petruzziello, Wayne Picone, William Preyer, Nadine Rhem, Josephy Scarano, Kevin Capozzi, Mariella Coleman, John Ferrigno, Stephen Grossi, Kelly Hennessy, Peter Hernandez, Thomas Hoey, Kathleen Jones, Susan Keane, Thomas Kennedy, George Latimer, John McClave, William Savarese, Robert Schmidt, Tracey Vetter and Narize West.

161. But for the unlawful discriminatory conduct of the Port Authority, Plaintiffs Nicholas Yum, Alan Lew, Howard Chin, David Lim, George Martinez, Wai Moy, Sanrit Booncome and Michael Chung would have been promoted to Sergeant by 2003.

162. The promotion of less qualified non-Asian police officers in 2003 in lieu of promoting each of Plaintiffs Nicholas Yum, Alan Lew, Howard Chin, David Lim, George Martinez, Wai Moy, Sanrit Booncome and Michael Chung was a direct result of discrimination based upon race and ethnicity. Through this practice, the Port Authority intentionally

25

discriminated against Asian police officers and/or adopted promotion criteria which had a disparate and adverse impact on Asian police officers.

163. The Port Authority's failure to promote qualified Asian police officers to Sergeant in 2003 also denied those police officers future advancement opportunities to higher ranks in the police force hierarchy.

164. In 2004, four police officers were promoted to Sergeant from the 2002 List. None of the Asian police officers on the 2002 List was promoted in 2004.

165. Each of Plaintiffs Nicholas Yum, Alan Lew, Howard Chin, David Lim, George Martinez, Wai Moy, Sanrit Booncome and Michael Chung was equally or more qualified for promotion than at least one of the four non-Asian police officers who were promoted to Sergeant in 2004: Scott Glazer, Robert Lipari, Edward McQuade and William Moran.

166. But for the unlawful discriminatory conduct of the Port Authority, Plaintiffs Nicholas Yum, Alan Lew, Howard Chin, David Lim, George Martinez, Wai Moy, Sanrit Booncome and Michael Chung would have been promoted to Sergeant by 2004.

167. The promotion of less qualified non-Asian police officers in 2004 in lieu of promoting each of Plaintiffs Nicholas Yum, Alan Lew, Howard Chin, David Lim, George Martinez, Wai Moy, Sanrit Booncome and Michael Chung was a direct result of discrimination based upon race and ethnicity. Through this practice, the Port Authority intentionally discriminated against Asian police officers and/or adopted promotion criteria which had a disparate and adverse impact on Asian police officers.

168. The Port Authority's failure to promote qualified Asian police officers to Sergeant in 2004 also denied those police officers future advancement opportunities to higher ranks in the police force hierarchy.

26

169. The 2002 List is expected to expire in summer 2005.

EEOC Determination

170. On or about August 29, 2003, the EEOC issued its Determination of the matters raised in the January 31, 2001 EEOC Charge ("EEOC Determination"). A true and correct copy of the August 29, 2003 EEOC Determination is attached hereto as Exhibit 2.

171. In the EEOC Determination, the EEOC found that "there is reasonable cause to believe [the Port Authority] has violated Title VII of the Civil Rights Act of 1964, as amended". The EEOC ruled that:

- "Examination of the totality of the documentary and testimonial evidence reveals that highly qualified Asian police officers have repeatedly, over the years, been passed over for numerous promotions to the positions of sergeant."

- "The record has demonstrated that historically, Asian candidates were systemically and unlawfully screened out during the oral examination portion of the sergeant selection process."

- "In the recent sergeant selection process, the record supports the Society's allegation that unwarranted minor charges were deliberately brought against the eligible Asian officers on the promotion eligible list in order to deny them promotion consideration during the time the charges were pending."

- "[The Port Authority's] intent of discrimination is borne out by the records that there was not even one Asian in <u>any</u> supervisory position at the time this charge was filed."

- "The evidence shows that only after the filing of this charge that two Asian police officers were promoted to Sergeant from the recent eligible list."

- "Likewise, the evidence establishes a pattern of discrimination against Asians on training and special assignment opportunities leading to promotion to detectives."

- The Port Authority's behavior "may be construed to be retaliatory, having occurred after an Asian officer disregarded a directive not to file an internal complaint alleging ethnic slurs by another officer."

27

172. In its August 29, 2003 Determination, the EEOC invited the Port Authority and AJS to join with it in a collective effort toward a just resolution of the matter.

173. In September 2003, AJS made several proposals to the Port Authority in an effort obtain a just resolution to the issues in the EEOC Charge. The Port Authority did not respond to the proposals.

174. In late September 2003, the AJS was informed by the EEOC that all efforts to engage the Port Authority in discussions had failed.

175. On September 26, 2003, the EEOC determined that efforts to conciliate the charge were unsuccessful and forwarded the case to the United States Department of Justice.

176. On January 25, 2005, the United States Department of Justice notified AJS of its right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, within 90 days.

Plaintiff Christian Eng

177. Notwithstanding Plaintiff Christian Eng's exemplary record, superior qualifications and long service as a police officer with the Port Authority since 1977, he was repeatedly denied promotion to Sergeant and was not promoted to Sergeant until December 2001.

178. But for Defendant's unlawful discriminatory practices, Plaintiff Christian Eng would have received a promotion to the rank of Sergeant by 1998.

179. Because Plaintiff Christian Eng was not promoted to Sergeant by 1998, he was also deprived of advancement opportunities to higher ranks starting in that year.

Plaintiff Nicholas Yum

180. Notwithstanding Plaintiff Nicholas Yum's exemplary record, superior qualifications and service as a police officer with the Port Authority since 1993, he has been

repeatedly denied special details, preferred assignments, detective status and promotion to Sergeant.

181. But for Defendant's unlawful discriminatory practices, Plaintiff Nicholas Yum would have received special details, preferred assignments and detective status by 1996 and would have been promoted to Sergeant by 1999.

182. Because Plaintiff Nicholas Yum was not promoted to Sergeant by 1999, he was also deprived of advancement opportunities to higher ranks starting in that year.

Plaintiff Alan Lew

183. Notwithstanding Plaintiff Alan Lew's exemplary record, superior qualifications and long service as a police officer with the Port Authority since 1987, he has been repeatedly denied special details, preferred assignments, detective status and promotion to Sergeant. Alan Lew was not designated as a detective until November 2003 and has not been promoted to Sergeant.

184. But for Defendant's unlawful discriminatory practice, Plaintiff Alan Lew would have received special details, preferred assignments and detective status by 1996 and would have been promoted to Sergeant by 1999.

185. Because Plaintiff Alan Lew was not promoted to Sergeant by 1999, he was also deprived of advancement opportunities to higher ranks starting in that year.

Plaintiff Howard Chin

186. Notwithstanding Plaintiff Howard Chin's exemplary record, superior qualifications and long service as a police officer with the Port Authority since 1987, he was repeatedly denied special details and preferred assignments until 2001, and has been denied detective status and promotion to Sergeant.

187. But for Defendant's unlawful discriminatory practice, Plaintiff Howard Chin would have received detective status by 1996 and would have been promoted to Sergeant by 1998.

188. Because Plaintiff Howard Chin was not promoted to Sergeant by 1998, he was also deprived of advancement opportunities to higher ranks starting in that year.

Plaintiff David Lim

189. Notwithstanding Plaintiff David Lim's exemplary record, superior qualifications and long service as a police officer with the Port Authority since 1980, he has been repeatedly denied special details, preferred assignments, detective status and promotion to Sergeant.

190. But for Defendant's unlawful discriminatory practices, Plaintiff David Lim would have received special details, preferred assignments and detective status by 1996 and would have been promoted to Sergeant by 1998.

191. Because Plaintiff David Lim was not promoted to Sergeant by 1998, he was also deprived of advancement opportunities to higher ranks starting in that year.

Plaintiff George Martinez

192. Notwithstanding Plaintiff George Martinez's exemplary record, superior qualification and service as a police officer with the Port Authority since 1993, he has been repeatedly denied special details, preferred assignments, detective status and promotion to Sergeant.

193. But for Defendant's unlawful discriminatory practices, Plaintiff George Martinez would have received special details, preferred assignments and detective status by 1996 and would have been promoted to Sergeant by 1998.

194. Because Plaintiff George Martinez was not promoted to Sergeant by 1998, he was also deprived of advancement opportunities to higher ranks starting in that year.

Plaintiff Wai Moy

195. Notwithstanding Plaintiff Wai Moy's exemplary record, superior qualification and service as a police officer with the Port Authority since 1993, he has been repeatedly denied special details, preferred assignments, detective status and promotion to Sergeant.

196. But for Defendant's unlawful discriminatory practices, Plaintiff Wai Moy would have received special details, preferred assignments and detective status by 1996 and would have been promoted to Sergeant by 1998.

197. Because Plaintiff Wai Moy was not promoted to Sergeant by 1998, he was also deprived of advancement opportunities to higher ranks starting in that year.

Plaintiff Stanley Chin

198. Notwithstanding Plaintiff Stanley Chin's exemplary record, superior qualification and long service as a police officer with the Port Authority since 1988, he was repeatedly denied special details, preferred assignments, detective status and promotion to Sergeant, and was not promoted to Sergeant until 2003.

199. But for Defendant's unlawful discriminatory practices, Plaintiff Stanley Chin would have received special details, preferred assignments and detective status by 1996 and would have been promoted to Sergeant by 1998.

200. Because Plaintiff Stanley Chin was not promoted to Sergeant by 1998, he was also deprived of advancement opportunities to higher ranks starting in that year.

Plaintiff Milton Fong

31

201. Notwithstanding Plaintiff Milton Fong's exemplary record, superior qualification and long service as a police officer with the Port Authority since 1985, he was repeatedly denied detective status and promotion to Sergeant, and was not promoted to Sergeant until December 2001.

202. But for Defendant's unlawful discriminatory practices, Plaintiff Milton Fong would have received detective status by 1996 and would have been promoted to Sergeant by 1998.

203. Because Plaintiff Milton Fong was not promoted to Sergeant by 1998, he was also deprived of advancement opportunities to higher ranks starting in that year.

Plaintiff Richard Wong

204. Notwithstanding Plaintiff Richard Wong's exemplary record, superior qualification and service as a police officer with the Port Authority since 1983, he has been repeatedly denied special details, preferred assignments and detective status.

205. But for Defendant's unlawful discriminatory practices, Plaintiff Richard Wong would have received special details, preferred assignments and detective status by 1996.

Plaintiff Sanrit Booncome

206. Notwithstanding Plaintiff Sanrit Booncome's exemplary record, superior qualifications and service as a police officer with the Port Authority since 1999, he has been repeatedly denied detective status and promotion to Sergeant.

207. But for Defendant's unlawful discriminatory practices, Plaintiff Sanrit Booncome would have received detective status by 2001 and would have been promoted to Sergeant by 2002.

208. Because Plaintiff Sanrit Booncome was not promoted to Sergeant by 2002, he was also deprived of advancement opportunities to higher ranks starting in that year.

32

Plaintiff Michael Chung

209. Notwithstanding Plaintiff Michael Chung's exemplary record, superior qualifications and service as a police officer with the Port Authority since 1998, he has been repeatedly denied promotion to Sergeant.

210. But for Defendant's unlawful discriminatory practices, Plaintiff Michael Chung would have received detective status by 2001 and would have been promoted to Sergeant by 2002.

211. Because Plaintiff Michael Chung was not promoted to Sergeant by 2002, he was also deprived of advancement opportunities to higher ranks starting in that year.

## COUNT I
## VIOLATION OF 42 U.S.C. §2000(e) (TITLE VII)

212. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 211 above.

213. The Plaintiffs are of Asian or Pacific Islander origin or descent and, accordingly, are members of a protected class based on race and ethnicity.

214. Each Plaintiff's job performance was satisfactory or better at all times.

215. Each Plaintiff was and continues to be entitled to advancement opportunities and job promotions including, but not limited to, special details, preferred assignments, detective status and/or promotion to Sergeant.

216. The Port Authority denied and continues to deny Asian police officers special details, preferred assignments, detective status and promotions to Sergeant on the basis of race or ethnicity.

217. The Port Authority intentionally by-passed and continues to by-pass Asian police officers for special details, preferred assignments, detective status and promotion to

33

Sergeant in favor of non-Asian police officers with less seniority and lesser or inferior qualifications.

218. The Port Authority intentionally subjected and continues to subject Asian police offers to disciplinary charges without factual basis and to more frequent and more severe disciplinary action in respect of minor infractions than was received by non-Asians in respect of the same or similar infractions.

219. The Port Authority maintained and continues to maintain a racially hostile environment which condones derogatory remarks, racial slurs, prejudice and discriminatory treatment.

220. The Port Authority retaliated against and continues to retaliate against Asian police officers who complain about derogatory remarks, racial slurs, prejudice and discriminatory treatment.

221. The Port Authority has intentionally discriminated and continues to intentionally discriminate against each Plaintiff, and has participated and continues to engage in a pattern and practice of intentional discrimination and disparate treatment against Asian police officers.

222. The employment practices of the Port Authority have had a disparate and adverse impact on Asian police officers.

223. As a result of the foregoing, the Port Authority has violated and continues to violate provisions of Title VII of the 1964 Civil Rights Act, as amended. 42 U.S.C. § 2000(e).

224. As a result of the foregoing, the Plaintiffs have suffered and continue to suffer significant financial and emotional damage including but not limited to lost income,

34

diminished prospective earnings, loss of benefits, loss of prestige, humiliation, embarrassment, emotional pain and other distress.

## COUNT II
## VIOLATION OF 42 U.S.C. § 1981

225. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 224 above.

226. The Plaintiffs are of Asian or Pacific Islander origin or descent and, accordingly, are members of a protected class based on race and ethnicity.

227. Each Plaintiff's job performance was satisfactory or better at all times.

228. Each Plaintiff was and continues to be entitled to advancement opportunities and job promotions including, but not limited to, special details, preferred assignments, detective status and/or promotion to Sergeant.

229. The Port Authority denied and continues to deny Asian police officers special details, preferred assignments, detective status and promotions to Sergeant on the basis of race or ethnicity.

230. The Port Authority intentionally by-passed and continues to by-pass Asian police officers for special details, preferred assignments, detective status and promotion to Sergeant in favor of non-Asian police officers with less seniority and lesser or inferior qualifications.

231. The Port Authority intentionally subjected and continues to subject Asian police offers to disciplinary charges without factual basis and to more frequent and more severe disciplinary action in respect of minor infractions than was received by non-Asians in respect of the same or similar infractions.

232. The Port Authority maintained and continues to maintain a racially hostile environment which condones derogatory remarks, racial slurs, prejudice and discriminatory treatment.

233. The Port Authority retaliated against and continues to retaliate against Asian police officers who complain about derogatory remarks, racial slurs, prejudice and discriminatory treatment.

234. The Port Authority has intentionally discriminated and continues to intentionally discriminate against each Plaintiff, and has participated and continues to engage in a pattern and practice of intentional discrimination and disparate treatment against Asian police officers.

235. Through the above-mentioned activities, the Port Authority has denied Plaintiffs the right to make and enforce contracts, as the term "make and enforce contracts" is defined by 42 U.S.C. § 1981. The harassment, intimidation, retaliation, denial of opportunity, and other differential treatment experienced by Plaintiffs are the direct result of discrimination by the Port Authority based upon race or ethnicity.

236. As a result of the foregoing, the Port Authority has violated and continues to violate 42 U.S.C. § 1981, as amended.

237. As a result of the foregoing, the Plaintiffs have suffered and continue to suffer significant financial and emotional damage including but not limited to lost income, diminished prospective earnings, loss of benefits, loss of prestige, humiliation, embarrassment, emotional pain and other distress.

## COUNT III
## VIOLATION OF 42 U.S.C. § 1983

238. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 237 above.

239. The Plaintiffs are of Asian or Pacific Islander origin or descent and, accordingly, are members of a protected class based on race and ethnicity.

240. Each Plaintiff's job performance was satisfactory or better at all times.

241. Each Plaintiff was and continues to be entitled to advancement opportunities and job promotions including, but not limited to, special details, preferred assignments, detective status and/or promotion to Sergeant.

242. The Port Authority denied and continues to deny Asian police officers special details, preferred assignments, detective status and promotions to Sergeant on the basis of race or ethnicity.

243. The Port Authority intentionally by-passed and continues to by-pass Asian police officers for special details, preferred assignments, detective status and promotion to Sergeant in favor of non-Asian police officers with less seniority and lesser or inferior qualifications.

244. The Port Authority intentionally subjected and continues to subject Asian police offers to disciplinary charges without factual basis and to more frequent and more severe disciplinary action in respect of minor infractions than was received by non-Asians in respect of the same or similar infractions.

245. The Port Authority maintained and continues to maintain a racially hostile environment which condones derogatory remarks, racial slurs, prejudice and discriminatory treatment.

37

246. The Port Authority retaliated against and continues to retaliate against Asian police officers who complain about derogatory remarks, racial slurs, prejudice and discriminatory treatment.

247. The Port Authority has intentionally discriminated and continues to intentionally discriminate against each Plaintiff, and has participated and continues to engage in a pattern and practice of intentional discrimination and disparate treatment against Asian police officers.

248. The Port Authority acts under the color of state law.

249. The Port Authority has violated, and continues to violate, federal law, including the Fourteenth Amendment to the United States Constitution.

250. As a result of the foregoing, the Port Authority has violated and continues to violate 42 U.S.C. § 1983, as amended.

251. As a result of the foregoing, the Plaintiffs have suffered and continue to suffer significant financial and emotional damage including but not limited to lost income, diminished prospective earnings, loss of benefits, loss of prestige, humiliation, embarrassment, emotional pain and other distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against Defendant as follows:

(a) for compensatory damages and back pay including but not limited to lost income, lost pension, diminished prospective earnings, loss of benefits, loss of prestige, humiliation, embarrassment, emotional pain and other distress, in an amount to be proven at trial;

(b) for a declaration that Defendant's conduct is a violation of the statutes alleged herein;

38

(c) for injunctive relief requiring Defendant to promote Plaintiffs to the positions to which they are entitled with retroactive seniority and grade;

(d) for injunctive relief prohibiting Defendant from continuing its discriminatory practices and retaliatory treatment against the Plaintiffs;

(e) for costs including attorneys' fees, and interest including pre- and post-judgment interest; and

(f) for such other and further relief as this Court deems proper.

Dated: New York, New York
       April 15, 2005

CRAVATH, SWAINE & MOORE LLP

by _____
   Robert H. Baron (RB-3765)
   Karen R. King (KK-1413)
   Eric S. Olney (EO-7324)

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND

Kenneth Kimerling (KK-5762)
99 Hudson Street
New York, NY 10013
(212) 966-5932

Counsel for The Port Authority Police Asian Jade Society of New York & New Jersey Inc., Christian Eng, Nicholas Yum, Alan Lew, Howard Chin, David Lim, George Martinez, Wai Moy, Stanley Chin, Milton Fong, Richard Wong, Sanrit Booncome and Michael Chung

39