```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
THE PORT AUTHORITY POLICE ASIAN
JADE SOCIETY OF NEW YORK & NEW
JERSEY INC., CHRISTIAN ENG,
NICHOLAS YUM, ALAN LEW, HOWARD CHIN,
DAVID LIM, GEORGE MARTINEZ, STANLEY
CHIN, MILTON FONG, RICHARD WONG,
SANRIT BOONCOME AND MICHAEL CHUNG,

                Plaintiffs,            MEMORANDUM OPINION AND
                                       ORDER

        -against-                      05 Civ. 3835 (MGC)


THE PORT AUTHORITY OF NEW YORK AND NEW
JERSEY,

                Defendant.

-----------------------------------X
```

APPEARANCES:

        PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
        Attorneys for Plaintiff
        1285 Avenue of the Americas
        New York, New York 10019

        By:  Karen R. King, Esq.
             Jane B. O'Brien, Esq.
             Michael N. Berger, Esq.

        THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY
        MILTON H. PACHTER, ESQ
        Attorney for Defendant
        225 Park Avenue South, 13th Floor
        New York, New York 10003

        By:  Kathleen Gill Miller, Esq.

**Cedarbaum, J.**

The Port Authority Police Asian Jade Society of New York and New Jersey ("Asian Jade Society"), a fraternal organization of Port Authority Police Officers, and individual plaintiffs sue the Port Authority of New York and New Jersey ("Port Authority") for discriminating against Asian officers in promotions.

Individual plaintiffs Christian Eng, Nicholas Yum, Alan Lew, Howard Chin, George Martinez, Stanley Chin, and Milton Fong now move for sanctions against the Port Authority for its failure to preserve evidence for plaintiffs' use in this litigation.  The documents at issue are the performance evaluations of those officers recommended for promotion from the 1999 eligible list.  The evaluations rated the officer's performance on a predetermined scale and may have included individualized comments from that officer's commanding officer.  Once completed, the evaluations became part of a "promotion folder," which was assembled for each officer recommended for promotion.  These folders also included other personnel records collected from the Port Authority's files.  At least 32 folders were assembled for officers promoted from the 1999 eligible list.  None of these folders have been located by the Port Authority, and the parties presume that they have been destroyed.  While some of the

2

information in the destroyed folders is duplicated in other records, the commanding officers' evaluations were unique.

The moving plaintiffs ask the court to instruct the jury that it may infer that the destroyed evaluations "would show that plaintiffs were evaluated with uniform outstanding marks on any performance evaluations that they received." (Tr. of Oral Argument, 3:1-5, Feb. 10, 2009). For the following reasons, plaintiffs' motion is denied.

**Discussion**

"'Spoliation' is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999). The court's authority to impose sanctions for spoliation comes from the Federal Rules and the court's inherent powers. Id. Determination of the appropriate remedy for spoliation is committed to the discretion of the trial judge. Fujitsu Ltd. v. Federal Express Corp., 247 F.3d 423, 436 (2d Cir. 2001).

Among the permissible sanctions for spoliation is "an inference that the evidence would have been unfavorable to the party responsible for its destruction." Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998). To show that spoliation merits an adverse inference instruction to the jury, the party seeking the sanction must show: (1) the party to be

3

charged with spoliation was under an obligation to preserve it; (2) the destruction was done with a "culpable state of mind," and; (3) the destroyed evidence was "relevant" to the moving party's claim or defense.  Byrnie v. Town of Cromwell Bd. of Ed., 243 F.3d 93, 109-110 (2d Cir. 2001).

**A. Obligation to Preserve**

"The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."  Fujitsu, 247 F.3d at 436.

It is undisputed that the Port Authority had notice of its obligation to preserve evidence no later than February 20, 2001, the date on which the plaintiffs' EEOC charge was served upon the Port Authority.  The Port Authority admits that because 32 officers were promoted between February 20, 2001 and August 10, 2002 (the date the 1999 list expired), no fewer than 32 folders were destroyed after the Port Authority received notice of the EEOC charge.

**B.  "Culpable State of Mind"**

To merit an adverse inference instruction, the evidence must have been destroyed with a "culpable state of mind" ranging from willful destruction in bad faith to simple negligence. Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99, 108 (2d Cir. 2001); Byrnie, 243 F.3d at 109.

The Port Authority's failure to take any measures to preserve the contents of the 1999 folders after the institution of the EEOC charge was negligent.  Plaintiffs argue that failing to institute a litigation hold demonstrates gross negligence, if not recklessness.  The Second Circuit has commented that "somewhat purposeful sluggishness" in production or "sanitiz[ing]" evidence merits a finding of gross negligence.  See Residential Funding, 306 F.3d at 110; Reilly v. Natwest Markets Group, Inc., 181 F.3d 253, 268 (2d Cir. 1999).  In each of these instances, the spoliator's conduct suggests a lack of care that approaches intent.

The undisputed record demonstrates that the folders no longer exist.  The evidence of how many records existed, who maintained custody of them, and when they were destroyed is contradictory and inconclusive.  The Port Authority has explained that its failure to preserve the folders was in part due to the attack on the World Trade Center of September 11, 2001, which destroyed the Port Authority's executive offices and killed many of its employees. Therefore, I find that the Port Authority's failure to preserve the folders was negligent, but not grossly so.

**C. Relevance of the destroyed evidence**

The destroyed evidence must be "relevant" to warrant an adverse inference instruction.  For the purpose of spoliation, "relevant" means that the evidence must be of the sort that a reasonable jury could find harmful to the spoliator's case. Residential Funding, 306 F.3d at 109.  When evidence is destroyed in bad faith, the spoliator's intentional destruction of the evidence supports an inference that the evidence was relevant. Id. at 110.  Whether an instance of gross or simple negligence merits the same inference depends on the circumstances of the particular case.  See Id. at 108; Reilly, 181 F.3d at 267.

It is undisputed that the performance evaluations were an important part of the promotion process.  However, the record is insufficiently developed to permit me to conclude that a reasonable jury could arrive at the proposed inference.  The Port Authority argues that only two of the seven moving plaintiffs were recommended for promotion: Christian Eng and Milton Fong, who were promoted in December 2001.  If this is accurate, the five other plaintiffs did not receive performance evaluations and the missing files would not contain their records.  Thus, the inference that those plaintiffs would have been ranked with "uniform outstanding marks" is not supported or relevant to their claims.

**D. Is an adverse inference instruction warranted?**

6

When fashioning a remedy for an instance of spoliation, the court's discretion is guided by the threefold purpose of: (1) deterring parties from destroying evidence; (2) placing the risk of an erroneous evaluation of the content of the destroyed evidence on the party responsible for its destruction; and (3) restoring the party harmed by the loss of evidence to where it would have been in absence of spoliation.  Byrnie, 243 F.3d at 107 (citing West, 167 F.3d at 779).

Because an adverse inference instruction is not required to restore the plaintiffs to the position they would occupy but for the spoliation, an adverse inference instruction is not warranted.

While the performance evaluations were a weighty factor in the promotion process, they were only one factor.  Among the evidence plaintiffs possess are records of absence, discipline, awards, commendations, civilian complaints, and special assignments.  All of these enable plaintiffs to compare their qualifications with those of the non-Asian officers promoted from each list.  Plaintiffs also have their examination scores that, although not used in the promotion process, may be relevant evidence of their comparative performance.  The plaintiffs possess ample evidence to permit the jury to draw conclusions on the relative qualifications of the plaintiffs and their non-Asian colleagues.  Thus, in my discretion, I conclude that an adverse

inference instruction is not warranted in these circumstances.

Therefore plaintiffs' motion is denied.

SO ORDERED.

Date:     New York, New York
          March 4, 2009

                                    S/_____
                                         MIRIAM GOLDMAN CEDARBAUM
                                       United States District Judge