**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE PORT AUTHORITY POLICE ASIAN JADE SOCIETY OF NEW YORK & NEW JERSEY INC., CHRISTIAN ENG, NICHOLAS YUM, ALAN LEW, HOWARD CHIN, DAVID LIM, GEORGE MARTINEZ, STANLEY CHIN, MILTON FONG, RICHARD WONG, SANRIT BOONCOME and MICHAEL CHUNG,<br><br>            Plaintiffs,<br><br>            v.<br><br>THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,<br><br>            Defendant. | 05 Civ. 3835 (MGC) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR ATTORNEYS' FEES AND COSTS**

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT
PWRW&G LLP DRAFT 7/30/2009

Plaintiffs Christian Eng, Nicholas Yum, Alan Lew, Howard Chin, David Lim, George Martinez, Stanley Chin, Milton Fong, Richard Wong, Sanrit Booncome, and Michael Chung (collectively, the "Plaintiffs") respectfully submit this memorandum of law in support of their post-trial motion for attorneys' fees and costs as provided under Title VII.

## BACKGROUND

Plaintiffs commenced this action on April 15, 2005, alleging employment discrimination by the Port Authority of New York and New Jersey ("Defendant" or the "Port Authority") in its promotion process for police officers to the rank of Sergeant. The case was actively litigated for four years, including document discovery that exceeded 20,000 pages, thirty-eight fact depositions, six expert reports, five expert depositions, and numerous pre-trial motions and discovery disputes. In March 2009, the case was tried before ten jurors for two weeks. On March 26, 2009, after two and half days of deliberation, the jury returned a unanimous verdict, finding:

- Plaintiffs have "proven, by a preponderance of the credible evidence, that the Port Authority's promotion practices for Sergeant had a disparate impact upon Asian-American police officers."

- Plaintiffs have "proven, by a preponderance of the credible evidence, that the Port Authority had a pattern or practice of intentional discrimination against Asian-American police officers for promotion to Sergeant."

- Each of Plaintiffs Christian Eng, David Lim, Milton Fong, Stanley Chin, Alan Lew, Nicholas Yum, and George Martinez has "proven, by a preponderance of the credible evidence, that he was discriminated against for promotion to Sergeant as part of this pattern and practice of discrimination."

- Each of Plaintiffs Christian Eng, David Lim, Milton Fong, Stanley Chin, Alan Lew, Nicholas Yum, and George Martinez has "proven, by a preponderance of the credible evidence, (1) that he was qualified for promotion to Sergeant, (2) that his ethnicity was a motivating factor in the Port Authority's decision not to promote him to Sergeant, and (3) that the Port Authority made that discriminatory decision after August 2, 2000."

1

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT
PWRW&G LLP DRAFT 7/30/2009

(Tr. 1349:8–1356:11.)[1]  The jury awarded a total of $1,637,622 million in back pay and compensatory damages to Plaintiffs Christian Eng, David Lim, Milton Fong, Stanley Chin, Alan Lew, Nicholas Yum, and George Martinez.

On April 24, 2009, the Port Authority moved to set aside the verdict and enter a judgment for the Defendant notwithstanding the verdict or to grant a new trial for remittitur of the damage award.  On July 16, 2009, that motion was denied by this Court.

Plaintiffs were initially represented in this action by Cravath, Swaine & Moore LLP ("Cravath").  In August 2007, the lead attorney on the matter, Karen King, left Cravath and became associated with Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), who became co-counsel on the case.  On August 4, 2008, Cravath withdrew its representation on the case when the last associate who was working on the action left the firm.  Paul, Weiss remained as counsel for the Plaintiffs and tried the case in 2009.

## ARGUMENT

### PLAINTIFFS ARE ENTITLED TO AN AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS

Title VII provides that a prevailing party entitled to reasonable attorneys' fees and costs from the defendant.  *See* 42 U.S.C. § 2000e-5(k).  A party is considered prevailing if it succeeded on a "significant issue in litigation" and achieved "some of the benefit the parties sought in bringing suit."  *Hensley* v. *Eckerhart*, 461 U.S. 424, 433 (1983) (internal quotation

---

[1]  Citations in the form of "Tr. __" refer to the trial transcript, dated March 11, 2009 through March 20, 2009 and March 24, 2009 through March 26, 2009.  Citations in the form of "Buergel Decl." refer to the Declaration of Susanna M. Buergel in Support of Plaintiffs' Motion for Attorneys' Fees and Costs.  Citations in the form of "Baron Decl." refer to the Declaration of Robert H. Baron in Support of Plaintiffs' Motion for Attorneys' Fees and Costs.

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT
PWRW&G LLP DRAFT 7/30/2009

omitted). Complete victory on all claims is not necessary in order to be deemed the prevailing party. *LaRouche* v. *Kezer*, 20 F.3d 68, 71 (2d Cir. 1994) ("[T]o qualify as a prevailing party . . . [a] party need not succeed on every issue raised by him, nor even the most crucial one."); *see also Hensley*, 461 U.S. at 435 ("[W]here a plaintiff has achieved excellent results . . . the fee should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit."). In light of the jury's findings that: the Port Authority's promotion practices had a disparate impact on Asian-Americans, the Port Authority engaged in a pattern and practice of intentional discrimination against Asian-Americans, and seven of the Plaintiffs were entitled to a total of $1.64 million in damages, Plaintiffs are plainly the prevailing parties in this action.

An award of attorneys' fees and costs is one of the "principal remedies afforded by Title VII" and one of the chief statutory mechanisms to encourage the bringing of meritorious civil rights claims and to effectuate deterrence of defendant's behavior. *See City of Riverside* v. *Rivera*, 477 U.S. 561, 575 (1986) ("Congress expressly recognized that a plaintiff who obtains relief in a civil rights lawsuit does so not for himself alone . . . ; [rather,] the damages a plaintiff recovers contributes significantly to the deterrence of civil rights violations in the future."); *Woodford* v. *Cmty. Action Agency*, 239 F.3d 517, 525 (2d Cir. 2001) ("The function of an award of attorney's fees is to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel."); *DeGaetano* v. *Smith Barney, Inc.*, 983 F. Supp. 459, 469 (S.D.N.Y. 1997) (noting that attorneys' fee awards are one of the "principal remedies afforded by Title VII," and one of the chief statutory mechanisms to effectuate "deterrence" of defendants' behavior).

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY WORK PRODUCT**
**PWRW&G LLP DRAFT 7/30/2009**

The fact that Plaintiffs' counsel provided their services on a pro bono basis should *not* factor into the Court's award of attorneys' fees. *See, e.g.*, *Blum* v. *Stenson*, 465 U.S. 886, 894–95 (1984) (finding that the fee award should not vary based on whether counsel was a private firm or working on a pro bono basis); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 n.2 (2d Cir.2008); *Soba v. McGoey*, 761 F. Supp. 273, 278 (S.D.N.Y. 1991), *aff'd*, 935 F.2d 1278 (2d Cir. 1991).

Plaintiffs respectfully request that the Court award costs in the amount of $521,067.31 and attorneys' fees in the amount of $2,118,110.

**Attorney Costs**

Plaintiffs are entitled to recover taxable costs under 42 U.S.C. § 2000e-5(k), as well as "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg*, 143 F.3d at 763 (internal quotation omitted); *see also Moon*, 2002 WL 31512816, at *8; *Reichman* v. *Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987).

Paul, Weiss and Cravath incurred $332,315.26 and $188,752.05, respectively, in costs on this matter, including costs associated with experts, legal research, court reporting, copy costs and postage. The costs for each firm are summarized in the tables below, and a detailed itemization of the costs incurred by Paul, Weiss and Cravath are attached to the declarations of Susanna M. Buergel and Robert H. Baron, respectively. (Buergel Decl. Ex. 1; Baron Decl. Ex. 2.) Certain costs, including, for example, overtime transportation and meals, have been excluded from this application.

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT
PWRW&G LLP DRAFT 7/30/2009

| Paul, Weiss – Costs | |
|---|---|
| Consultant Firms (expert fees) | $100,292.69 |
| Misc Prof Services (expert fees) | $128,251.95 |
| Reporting Services | $11,940.13 |
| Process Servers | $1,742.50 |
| Misc Court Expense | $364.45 |
| Filing Fees | $1,050.00 |
| Lexis | $917.30 |
| Westlaw | $19,422.01 |
| Library Services | $1,343.41 |
| Law Journal Search | $159.03 |
| Docketing Retrieval | $212.80 |
| Print-Reference Materials | $21.66 |
| Misc Info Retrieval | $1,648.16 |
| Word Processing | $5372.50 |
| Reproduction Expenses | $48,773.94 |
| Color Copies | $4,638.00 |
| Document Production | $32.90 |
| Telephone Tolls | $120.24 |
| Postage | $99.05 |
| External Messenger | $426.00 |
| Express Delivery, Federal Express | $752.03 |
| Document Retrieval | $195.00 |
| Delivery Service | $269.78 |
| Taxi-Services (case-related) | $4,269.73 |
| **Total** | **$332,315.26** |

| Cravath – Costs | |
|---|---|
| Special Disbursements (court reporting, document vendors, expert fees) | $ 95,727.90 |
| Special Office Supplies | $ 1,187.98 |
| Courier/Mail Services | $ 3,596.08 |
| Duplicating | $ 45,609.54 |
| Binding/Graphics/Video | $ 8,780.00 |
| Long Distance Telephone | $ 98.81 |
| Outgoing Fax | $ 72.00 |
| Computerized Legal Research / Database Research | $ 30,841.53 |
| Misc. Other (library and research) | $ 2,838.21 |
| **Total** | **$188,752.05** |

5

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT
PWRW&G LLP DRAFT 7/30/2009

**Attorney Fees**

The calculation of attorneys' fee awards is typically "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n* v. *County of Albany*, 522 F.3d 182, 186 (2d Cir. 2007); *Hensley*, 461 U.S. at 435 (holding that attorneys who obtain excellent results are entitled to be fully compensated, which normally encompasses "all hours reasonably expended on the litigation"). The fact that the presumptively reasonable fee amount is larger than the amount of damages awarded is "irrelevant" to determining a fully compensatory fee. *Broome* v. *Biondi*, 17 F. Supp. 2d 230, 239 n.11 (S.D.N.Y. 1997) (citing *DiFilippo* v. *Morizio*, 759 F.2d 231, 235 (2d Cir. 1985)); *see also Moon* v. *Gab Kwon*, No. 99 Civ. 11810 (GEL), 2002 WL 31512816, at *7 (S.D.N.Y. Nov. 8, 2002) ("[T]o encourage the civil rights or labor law plaintiff 'to vindicate important civil . . . rights that cannot be valued solely in monetary terms,' statutory fee awards are designed to be independent of the eventual monetary value of the claim." (quoting *Blanchard* v. *Bergeron*, 489 U.S. 87, 96 (1989))).

The critical inquiry when determining whether the numbers of hours were usefully and reasonably expended is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant* v. *Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). However, courts should not engage in "an ex post facto determination of whether attorney hours were necessary to the relief obtained." *Id.*

A reasonable hourly rate is "what a reasonable, paying client would be willing to pay," taking into account (1) "the time and labor required"; (2) "the amount involved in the case and the results obtained"; and (3) "the experience, reputation, and ability of the attorneys." *Arbor Hill*, 522 F.3d at 184 n.3 (quoting *Johnson* v. *Ga. Highway Express, Inc.*,

6

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT
PWRW&G LLP DRAFT 7/30/2009

488 F.2d 714 (5th Cir. 1974)). Courts in the Second Circuit look to the market rates "'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Gierlinger* v. *Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum*, 465 U.S. at 896 n.11). Here, the relevant community for the fee determination is the Southern District of New York. *See Miele* v. *N.Y. State Teamsters Conference Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987).

Since the filing of this action in April 2005, over 14,000 lawyer hours and 5,000 paralegal hours were spent on this action.[2] At the normal billing rates of Paul, Weiss and Cravath, fees for this action would exceed $4.7 million. However, both firms have substantially discounted their hours and rates for purposes of this application. Plaintiffs are seeking attorneys' fees of $1,035,540 for Paul, Weiss and $1,082,570 for Cravath. Both law firms will donate the attorneys' fees award to charitable or non-profit organizations. (Buergel Decl. ¶ 3; Baron Decl. ¶ 6.)

The following chart summarizes components of Plaintiffs' attorneys' fees request. Although thirty attorneys worked on this matter, this application seeks fees for only thirteen attorneys, at billing rates that are substantially lower than the usual billing rates for these attorneys.[3] Though many paralegals and legal support staff worked on this matter, this

---

[2] Paralegal fees are typically included in an award of attorneys' fees. *See U.S. Football League* v. *Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989) (holding hourly market rate for paralegal service in New York City includable in attorneys' fees); *Rozell* v. *Ross-Holst*, 576 F. Supp. 2d 527, 536 (S.D.N.Y. 2008).

[3] A rate of $200/hr was used for attorneys who had less than two years experience at the time they worked on the matter. A rate of $300/hr was used for attorneys with three to five years experiences at the time they worked on the matter. A rate of $400/hr was used for attorneys with more than five years experience at the time they worked on the matter.

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT
PWRW&G LLP DRAFT 7/30/2009

application seeks fees for only five paralegals, at a flat billing rate of $100/hr, which is nearly half the usual billing rate for paralegals at both law firms. A detailed report of the time entries and rates for Paul, Weiss and Cravath attorneys and paralegals on this matter are attached to the Declarations of Susanna M. Buergel and Robert H. Baron, respectively. (Buergel Decl. Ex. 2; Baron Decl. Ex. 2.)

| Paul, Weiss – Attorneys' Fees | | | |
|---|---|---|---|
| **Attorney** | **Hours** | **Reduced Billing Rate** | **Total** |
| **Susanna Buergel** (Partner) | 98.70 | 400 | $39,480 |
| **Karen King** (Associate, Class of 2000) | 992.10 | 400 | $396,840 |
| **Moira Weinberg**[4] (Associate, Class of 2004) | 208.40 | 300 | $62,520 |
| **Jane O'Brien** (Associate, Class of 2005) | 399.60 | 300 | $119,880 |
| **Dominika Tarczynska** (Associate, Class of 2005) | 131.20 | 300 | $39,360 |
| **Michael Berger** (Associate, Class of 2005) | 251.70 | 300 | $75,510 |
| **Allison Grodin Weiss** (Associate, Class of 2007) | 567.40 | 200 | $113,480 |
| **Satyam Bee** (Associate, Class of 2007) | 173.70 | 200 | $34,740 |
| **Chloe Clifford** (Paralegal) | 580.40 | 100 | $58,040 |
| **Grace Choi** (Paralegal) | 632.00 | 100 | $63,200 |
| **Abigail Cushing** (Paralegal) | 324.90 | 100 | $32,490 |
| | | | **$1,035,540** |

---

[4]  Moira Weinberg appeared in this action under the name Moira McDonough. Subsequent to her appearance, Ms. McDonough legally changed her name to Moira Weinberg.

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT
PWRW&G LLP DRAFT 7/30/2009

| Cravath – Attorneys' Fees | | | |
|---|---|---|---|
| **Attorney** | **Hours** | **Reduced Billing Rate** | **Total** |
| **Karen King** (Associate, Class of 2000) | 529.10 | 400 | $211,640 |
| **Christopher Harwood** (Associate, Class of 2003) | 622.30 | 300 | $186,690 |
| **Andrew Goldsmith** (Associate, Class of 2004) | 584.10 | 300 | $175,230 |
| **Eva Temkin** (Associate, Class of 2004) | 339.70 | 300 | $101,910 |
| **Lauren Moskowitz** (Associate, Class of 2005) | 313.50 | 200 | $62,700 |
| **Richard Tucker** (Associate, Class of 2006) | 837.20 | 200 | $167,440 |
| **Varsha Karkera** (Paralegal) | 1239.60 | 100 | $123,960 |
| **Christine Fung** (Paralegal) | 530 | 100 | $53,000 |
| | | | **$1,082,570** |

The timesheets for the attorneys and paralegals working on this case show that the work for which fees are sought was reasonable. The vast majority of the attorney time was spent on legal research, document review, deposition preparation, opposition to Defendant's motion for partial summary judgment, evidentiary disputes, and trial preparation—all normal and necessary time expenditures in the course of litigation. In any event, to avoid dispute, Plaintiffs have substantially reduced the number of attorney and paralegal hours claimed, by over 33%.

Both Paul, Weiss and Cravath enjoy reputations for excellent litigation work. The attorneys who worked on the matter have outstanding credentials and many have substantial litigation experience through their work at the law firm, as judicial clerks or in prior employment. (*See* Buergel Decl. ¶¶ 7–14; Baron Decl. ¶¶ 8–13.) *See also Rozell* v. *Ross-Holst*, 576 F. Supp. 2d 527, 545 (S.D.N.Y. 2008) (noting attorneys' law schools,

9

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT
PWRW&G LLP DRAFT 7/30/2009

clerkships and employment experience as evidence of counsel's experience). "[A] reasonable paying client might readily retain" a large law firm "to take advantage of their expertise in federal litigation and trial practice." *Simmonds* v. *N.Y. City Dep't of Corr.*, No. 06 Civ. 5298 (NRB), 2008 WL 4303474, at *4 (S.D.N.Y. Sept. 15, 2008) (internal quotation marks omitted); *see Heng Chan* v. *Sung Yue Tung Corp.*, No. 03 Civ. 6048 (GEL), 2007 WL 1373118, at *3 (S.D.N.Y. May 8, 2007) (noting that the "institutional resources of a large firm . . . with the higher overhead and other costs that go with them, were in all likelihood a necessary condition for the successful prosecution of this multi-year action involving a host of witnesses and parties, [and] numerous boxes of documents."). As such, it would be reasonable to award attorneys' fees using the regular market rates for Paul, Weiss and Cravath. *See, e.g.*, *Broome*, 17 F. Supp. 2d at 237–39 (awarding Skadden pro bono counsel prevailing market rates for large New York firms); *Rodriguez* v. *McLaughlin*, 84 F. Supp. 2d 417, 422–24 (S.D.N.Y. 1999) (awarding pro bono counsel from large New York firm attorney fees at rates very close to firm's regular rates); *Heng Chan*, 2007 WL 1373118, at *3 (finding the difference between the market rate for private and pro bono litigation services inconsequential where plaintiffs' counsel already "excluded from their application over 4,100 hours of time recorded").

However, for purposes of this attorneys' fees application, the attorney and paralegal rates have been substantially reduced—over 50% in some instances. *See supra* page 7 & n.3. Moreover, the rates applied are consistent with rates used in other cases involving attorney fee awards to large New York firms on pro bono matters. *See Simmonds*, 2008 WL 4303474, at *4 (awarding Steptoe & Johnson LLP $425 for partner, $350 for senior associate, $225 for junior associate, in a pro bono case that "did not present any unusually complicated

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT
PWRW&G LLP DRAFT 7/30/2009

factual or legal issues"); *Heng Chan*, 2007 WL 1373118, at *3 (awarding Skadden $450 for partner, $300 for sixth year associate, $200 for second year associate in pro bono action).

Because Plaintiffs have substantially reduced the number of attorney and paralegal hours claimed and <u>also</u> substantially discounted the rates applied to those hours, and given the successful outcome achieved for the Plaintiffs, there cannot be reasonable dispute as to fairness and appropriateness of the attorneys' fees requested.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court award costs in the amount of $521,067.31 and attorneys' fees in the amount of $2,118,110.

Dated: July 30, 2009
      New York, New York

Respectfully Submitted,

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

By:     /s/  Karen King
    Susanna M. Buergel
    Karen R. King

1285 Avenue of the Americas
New York, New York 10019-6064
Tel: (212) 373-3784
Fax: (212) 492-0784
E-mail: sbuergel@paulweiss.com
       kking@paulweiss.com

*Attorneys for Plaintiffs*