UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
THE PORT AUTHORITY POLICE ASIAN
JADE SOCIETY OF NEW YORK & NEW
JERSEY INC., CHRISTIAN ENG,
NICHOLAS YUM, ALAN LEW, HOWARD CHIN,
DAVID LIM, GEORGE MARTINEZ, STANLEY
CHIN, MILTON FONG, RICHARD WONG,
SANRIT BOONCOME AND MICHAEL CHUNG,

        Plaintiffs,      MEMORANDUM OPINION AND
                              ORDER

    -against-            05 Civ. 3835 (MGC)

THE PORT AUTHORITY OF NEW YORK AND NEW
JERSEY,

        Defendant.

------------------------------------X

APPEARANCES:

    PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
    Attorneys for Plaintiff
    1285 Avenue of the Americas
    New York, New York 10019

    By:  Karen R. King, Esq.
        Susanna M. Buergel, Esq.

    THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY
    MILTON H. PACHTER, ESQ
    Attorney for Defendant
    225 Park Avenue South, 13th Floor
    New York, New York 10003

    By:  Kathleen Gill Miller, Esq.
        Caren K. Lee, Esq.

1

**Cedarbaum, J.**

## INTRODUCTION

Familiarity with the detailed history of this Title VII discrimination case is presumed.  Jury trial began on March 11, 2009.  The jury returned its verdict on March 26, 2009, and awarded seven of the eleven plaintiffs $1,637,622 in back pay and compensatory damages.[1]  On January 13, 2010, I denied the motion of the Port Authority of New York and New Jersey (the "Port Authority") to grant judgment as a matter of law, a new trial, or a remittitur. Plaintiffs now move for an award of attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k).

Plaintiffs' lead counsel, Karen King, began work on the case while associated with the law firm of Cravath, Swaine & Moore LLP ("Cravath").  When Ms. King left Cravath for Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"), she brought the matter with her.  Plaintiffs seek an award of fees and costs, totaling $2,357,658.63.  For the following reasons, the attorneys' fees and costs are granted in part.

---

[1] The Port Authority Police Asian Jade Society of New York and New Jersey, Inc. (the "Asian Jade Society") is nominally a plaintiff because the charge before the Equal Employment Opportunity Commission was filed in its name.  The Asian Jade Society did not present any claims at trial.

2

**DISCUSSION**

Title VII provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs . . . ."  42 U.S.C. § 2000e-5(k).  While the decision to award attorneys' fees and costs is committed to my discretion, fees should be awarded to a prevailing plaintiff "absent special circumstances."  New York Gaslight Club, Inc. v. Carey, 447 U.S. 54, 68 (1980) (citing Newman v. Piggie Park Enterprises, 390 U.S. 400, 402 (1968).

Plaintiffs Eng, Fong, Lew, Lim, Martinez, Yum, and Stanley Chin are "prevailing parties" because the jury returned a verdict in their favor and awarded them back pay and compensatory damages.  See, e.g., Bridges v. Eastman Kodak, 102 F.2d 56, 58 (2d Cir. 1996).

**I. Attorney's Fees**

I calculate the presumptive "reasonable attorney's fee" that may be awarded under § 2000e-5(k) by determining a "reasonable hourly rate" and multiplying that rate by the "number of hours reasonably expended on the litigation." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).[2]

---

[2] Hensley addressed a fee award under 42 U.S.C. § 1988, but it is applicable to fee awards under Title VII because "cases decided under § 1888 . . . are authoritative in the Title VII context."  Bridges, 102 F.3d at 56 (citing Hensley, 461 U.S. at 433).

3

### A. Plaintiffs' Fee Request

Plaintiffs request the following fee award:

| Paul, Weiss | | | | |
|---|---|---|---|---|
| Name | Position | Hours | Hourly Rate | Total |
| Susanna Buergel | Partner | 98.7 | $ 400 | $ 39,480 |
| Karen King | Associate (Class of 2000) | 968.2 | $ 400 | $ 387,280 |
| Moira Weinberg | Associate (Class of 2004) | 151.1 | $ 300 | $ 45,330 |
| Jane O'Brien | Associate (Class of 2004) | 387 | $ 300 | $ 116,100 |
| Dominika Tarczynska | Associate (Class of 2005) | 126.5 | $ 300 | $ 37,950 |
| Michael Berger | Associate (Class of 2005) | 245.6 | $ 300 | $ 73,680 |
| Allison Grodin Weiss | Associate (Class of 2007) | 517.7 | $ 200 | $ 103,540 |
| Satyam Bee | Associate (Class of 2007) | 149.9 | $ 200 | $ 29,980 |
| Chloe Clifford | Paralegal | 498.9 | $ 100 | $ 49,890 |
| Grace Choi | Paralegal | 488.4 | $ 100 | $ 48,840 |
| Abigail Cushing | Paralegal | 323.2 | $ 100 | $ 32,320 |
| **Total:** | | **3955.2** | | **$ 964,390** |
| **Cravath** | | | | |
| Name | Position | Hours | Hourly Rate | Total |
| Karen King | Associate (Class of 2000) | 435.5 | $ 400 | $ 174,200 |
| Christopher Harwood | Associate (Class of 2003) | 617.8 | $ 300 | $ 185,340 |
| Andrew Goldsmith | Associate (Class of 2004) | 442.1 | $ 300 | $ 132,630 |
| Eva Temkin | Associate (Class of 2004) | 257.5 | $ 300 | $ 77,250 |
| Lauren Moskowitz | Associate (Class of 2005) | 288.2 | $ 200 | $ 57,640 |
| Richard Tucker | Associate (Class of 2006) | 642.3 | $ 200 | $ 128,460 |
| Varsha Karkera | Paralegal | 1034.5 | $ 100 | $ 103,450 |
| Christine Fung | Paralegal | 472.8 | $ 100 | $ 47,280 |
| **Total:** | | **4190.7** | | **$ 906,250** |
| **Grand Total: (both Firms)** | | **8145.9** | | **$1,870,640** |

### B. Reasonable Hourly Rates

The "reasonable hourly rate" is meant to approximate the hourly rate a client would be willing to pay. <u>Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany</u>, 522 F.3d 182, 190 (2d Cir. 2007). Among the factors relevant when determining what a client would be willing to pay are: the

4

"novelty and difficulty of the questions"; "the skill required to properly" pursue the case; "the results obtained" in the case, "awards in similar cases"; and, whether the client would be able to negotiate a lower rate in light of reputational benefits that may flow to the lawyer from litigating that case. Id., (citing to the twelve factors enumerated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974) (abrogated on other grounds, Blanchard v. Bergeron, 489 U.S. 87 (1989)). The reasonableness of the hourly rate is presumptively weighed against prevailing rates in the judicial district where the court sits. Simmons v. New York City Transit Auth., 575 F.3d 170, 175 (2d Cir. 2009).

The parties do not dispute that the following hourly rates are reasonable: Ms. Buergel's fee of $400 per hour, $200 per hour for Ms. Grodin Weiss, Mr. Bee, Ms. Moskowitz, and Mr. Tucker, and $100 per hour for paralegals. The Port Authority proposes that the maximum reasonable fee for the other attorneys who worked on the matter ranges from $375 per hour for Ms. King to $200 per hour for Ms. O'Brien, Ms. Tarczynska, and Mr. Berger, for a difference ranging from $25 per hour to $100 per hour. The principal argument each side presents in favor of its proposed hourly rate is that similar rates have been awarded in similar Title VII cases.

5

The hourly rates set out in plaintiffs' request are reasonable in light of the factors set out in Arbor Hill. The case has been pending since April 2005 and culminated in a jury trial that spanned three weeks. In the intervening time, the parties engaged in extensive discovery and took numerous depositions. Each side presented its own expert witnesses and broke down complex statistics. Ultimately, of the eleven plaintiffs who proceeded to trial, seven recovered a total award of $1,637,622 and equitable relief.

In addition to the factors laid out in Arbor Hill, I am persuaded that plaintiffs' requested rates are reasonable because they are within the range awarded in similar cases in this district. See, e.g., Robinson v. City of New York, No. 05 Civ. 9545, 2009 U.S. Dist. LEXIS 89981, at *13-44 (S.D.N.Y. Sept. 29, 2009) (Lynch, J.) (reasonable rates ranged from $185 to $500 per hour based on experience); Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 544-46 (S.D.N.Y. 2008) (Francis, M.J.) (reasonable to award $600 per hour for partners, $350 for senior associates, $250 for junior associates, $175 for law clerks; and $125 for paralegals); Heng Chan, 2007 U.S. Dist. LEXIS 33883, at *11 (sixth-year associate awarded $300 per hour because she served as co-lead counsel in the case, associate with less than two years' experience awarded $200 per hour post-bar admission, $100 pre-bar admission); Simmonds v. New York City Dept. of Corrections, No.

6

06 Civ. 5298, 2008 U.S. Dist. LEXIS 74539, at *15-18 (S.D.N.Y. September 16, 2008) (awarding $425 per hour for partner, $325 per hour for senior associates, $225-50 per hour for junior associates in a case involving a single plaintiff and no "unusually complicated factual or legal issues.")  Accordingly, the fee award will be calculated based on plaintiffs' proposed rates.

### C. Hours Reasonably Expended

The plaintiffs seek an award for a total of 8,145.9 hours of attorney and paralegal time.  I conclude that an overall percentage reduction to plaintiffs' request must be made to reach the "hours reasonably expended."

The "most critical factor" in assessing the reasonableness of a fee award is the "degree of success obtained."  Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quoting Hensley, 461 U.S. at 436).  I may exclude hours spent on unsuccessful claims or plaintiffs, or apply a percentage reduction to account for limited success.  Id. at 115; Hensley, 461 U.S. at 434-37.  Here, the jury found that four of eleven plaintiffs, Howard Chin, Richard Wong, Sanrit Booncome and Michael Chung, were not discriminated against either as part of the Port Authority's pattern or practice of discrimination or individually.  The jury awarded those plaintiffs no damages.  Certain background evidence was relevant to all claims, for example testimony regarding the

7

Port Authority's practices for promotion to Sergeant. Nonetheless, each plaintiff was required to introduce evidence sufficient to prove his own claims. I cannot say that the successful and unsuccessful claims were so entirely "intertwined" that no reduction for the unsuccessful claims is appropriate. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 762 (2d Cir. 1998) (an unsuccessful claim was "intertwined" with successful claims based on identical cause of action arising out of the same occurrence but against a different party; "unrelated" claims rested on different occurrences.)

I am further persuaded that an overall percentage reduction is appropriate because the billing records of plaintiffs' attorneys reveal many instances where hours spent are "excessive, redundant, . . . unnecessary" or inadequately recorded. Hensley, 461 U.S. at 424. A four-elevenths (about 36%) reduction is required to reach the "hours reasonably expended" in light of the four unsuccessful plaintiffs and "as a practical means of trimming fat from a fee application." Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (internal quotation marks and citation omitted).

**D. Fee Award**

The reasonable attorneys' fee will be awarded to plaintiffs as follows based on the four-elevenths reduction:

8

| Paul Weiss | | | | |
|---|---|---|---|---|
| Name | Position | Hours | Hourly Rate | Total |
| Susanna Buergel | Partner | 62.8 | $ 400 | $   25,124 |
| Karen King | Associate (Class of 2000) | 616.1 | $ 400 | $ 246,451 |
| Moira Weinberg | Associate (Class of 2004) | 96.2 | $ 300 | $   28,846 |
| Jane O'Brien | Associate (Class of 2004) | 246.3 | $ 300 | $   73,882 |
| Dominika Tarczynska | Associate (Class of 2005) | 80.5 | $ 300 | $   24,150 |
| Michael Berger | Associate (Class of 2005) | 156.3 | $ 300 | $   46,887 |
| Allison Grodin Weiss | Associate (Class of 2007) | 329.4 | $ 200 | $   65,889 |
| Satyam Bee | Associate (Class of 2007) | 95.4 | $ 200 | $   19,078 |
| Chloe Clifford | Paralegal | 317.5 | $ 100 | $   31,748 |
| Grace Choi | Paralegal | 310.8 | $ 100 | $   31,080 |
| Abigail Cushing | Paralegal | 205.7 | $ 100 | $   20,567 |
| **Total:** | | **2516.9** | | **$ 613,703** |

| Cravath | | | | |
|---|---|---|---|---|
| Name | Position | Hours | Hourly Rate | Total |
| Karen King | Associate (Class of 2000) | 277.1 | $ 400 | $ 110,855 |
| Christopher Harwood | Associate (Class of 2003) | 393.1 | $ 300 | $ 117,944 |
| Andrew Goldsmith | Associate (Class of 2004) | 281.3 | $ 300 | $   84,401 |
| Eva Temkin | Associate (Class of 2004) | 163.9 | $ 300 | $   49,159 |
| Lauren Moskowitz | Associate (Class of 2005) | 183.4 | $ 200 | $   36,680 |
| Richard Tucker | Associate (Class of 2006) | 408.7 | $ 200 | $   81,747 |
| Varsha Karkera | Paralegal | 658.3 | $ 100 | $   65,832 |
| Christine Fung | Paralegal | 300.9 | $ 100 | $   30,087 |
| **Total:** | | **2666.8** | | **$ 576,705** |

**II. Costs**

A fee award under Title VII also includes expert fees and "reasonable out-of-pocket expenses" incurred by the attorneys that are "ordinarily charged to their clients." LeBlanc, 143 F.3d at 763 (quoting United States Football League v. National Football League, 887 F.2d 408, 416 (2d Cir. 1987)).  Computerized legal research expenses may be recovered, although nominally as part of attorneys' fees and not costs because they are treated as a "substitute for an attorney's time." United States ex rel. Evergreen Pipeline Construction Co v. Merritt Meridian Construction Corp., 95 F.3d 153, 173 (2d Cir. 1996)..

Plaintiffs seek costs and computerized legal research fees as set out below:

| Paul Weiss | | |
|---|---|---|
| Cost | Item Total | Category Total |
| Expert – Dr. Buckberg | | $ 100,292.69 |
| "Prof. Services" | | $ 128,251.95 |
| Expert – Dr. Lundquist | $ 102,481.72 | |
| Expert – Dr. Cavanaugh | $  25,682.33 | |
| "Digiscribe" | $      87.90 | |
| Reporting | | $  11,940.13 |
| Process Servers | | $   1,742.50 |
| Misc. Court Expense | | $     364.45 |
| Filing Fees | | $   1,050.00 |
| Lexis | | $     917.30 |
| Westlaw | | $  19,422.01 |
| Library Services | | $   1,343.41 |
| Law Journal Search | | $     159.03 |
| Docketing Retrieval | | $     212.80 |
| Print-Reference Materials | | $      21.66 |
| Misc. Info Retrieval | | $   1,648.16 |
| Reproduction | | $  48,773.94 |
| Color Copies | | $   4,638.00 |
| Document Production | | $      32.90 |
| Telephone | | $     120.24 |
| Postage | | $      99.05 |
| External Messenger | | $     426.00 |

10

| | | |
|---|---|---|
| FedEx | | $ 752.03 |
| Doc Retrieval | | $ 195.00 |
| Delivery | | $ 269.78 |
| Taxi | | $ 1,067.43 |
| **Paul Weiss Total Costs:** | | **$ 323,740.46** |

| Cravath | | |
|---|---|---|
| Cost | Item Total | Category Total |
| "Special Disbursements" | | $ 95,222.00 |
| Reporting | $ 59,702.55 | |
| Expert – Dr. Lundquist | $ 10,706.81 | |
| Expert – Dr. Martell | $ 15,300.00 | |
| Outside Law Libraries | $ 110.00 | |
| Outside Duplication | $ 2,006.08 | |
| Docket Retrieval | $ 2,936.11 | |
| Messenger | $ 20.08 | |
| Computer Vendors | $ 4,211.39 | |
| Sales Tax | $ 228.98 | |
| Courier / Mail | | $ 3,596.08 |
| Duplicating | | $ 21,829.54 |
| Binding / Graphics / Video | | $ 8,780.00 |
| Telephone | | $ 98.81 |
| Fax | | $ 72.00 |
| Computer Research | | $ 30,841.53 |
| Misc. Other Library | | $ 2,838.21 |
| **Cravath Total Costs:** | | **$ 163,278.17** |

Dr. Lundquist's fees of $102,481.72 paid by Paul Weiss and $10,706.81 paid by Cravath will be excluded because her testimony was precluded from being used at trial. As such, it is within my discretion under 42 U.S.C. § 2000e-5(k) to eliminate those fees from the costs. <u>BD v. DeBuono</u>, 177 F.Supp.2d 201, 208 (S.D.N.Y. 2001) (citations omitted) (a court "may refuse to grant [expert] fee requests that are excessive or redundant.") Costs will be awarded in the amount of $221,258.74 to Paul Weiss and $152,571.36 to Cravath.

**CONCLUSION**

11

For the foregoing reasons, plaintiffs' motion for attorneys' fees and costs is granted as detailed above. The Clerk of the Court is directed to enter judgment in accordance with the Jury Verdict of March 26, 2009, my Order Granting Equitable Relief dated January 13, 2010, and this Memorandum Opinion and Order.

SO ORDERED.

Date:   New York, New York
        April 14, 2010

                                S/_____
                                     MIRIAM GOLDMAN CEDARBAUM
                                     United States District Judge